[EDITORS' NOTE: THE PUBLICATION STATUS OF THIS OPINION HAS NOT BEEN DETERMINED. THE PRECEDENTIAL VALUE OF CASES WHICH ARE NOT YET PUBLISHED IS GOVERNED BY IOWA CT. R. 6.14 (5).]
The State and the guardian ad litem for two minor children appeal from a juvenile court order that dismissed the State's petition to terminate a mother's parental rights to her two oldest children. We affirm.
I. Background Facts and Proceedings
Katesha is the mother of Jordan, born September 2002, and Jonathan, born November 2003.[1] Benjamin is the father of Jordan, and Michael is the father of Jonathan. Neither father has appealed from the juvenile court's decision to terminate their parental rights.
Katesha has a lengthy history of substance abuse. In June 2004 the Iowa Department of Human Services (the Department) received information indicating Katesha was not properly supervising her children. An investigation revealed Katesha's sister had been caring for Jonathan.[2] The investigation also revealed Katesha was abusing drugs. The Department took Jonathan into protective custody on September 13, 2004. The child was placed in foster care a short time later.
The Department's investigation also revealed Katesha's father had been caring for Jordan for several weeks. Jordan's grandfather indicated he had not been able to locate Katesha for several days. When Katesha learned Jonathan had been placed in foster care, she took Jordan with her to Omaha, Nebraska, and refused to return the child to Iowa. Jordan was eventually returned to Iowa. The record reveals he was taken into protective custody on November 9, 2004. On November 17, 2004, the Iowa court entered an order placing Jordan in the same foster home as Jonathan.
On December 15, 2004, the juvenile court adjudicated Jonathan and Jordan as children in need of assistance (CINA). In a dispositional order filed March 2, 2005, the court noted Katesha exercised regular visitation with the children, and the Department observed she appeared willing to do what was necessary to have the children returned to her care. The court also noted Katesha submitted to random urinalysis tests on December 8 and December 21, 2004. Although both tests were negative, Katesha's chemical dependency evaluation concluded she had made little progress, and the court determined custody of the children should remain with the Department.
The court filed a CINA review/modification/permanency order on September 1, 2005. The order noted Katesha was exercising unsupervised overnight visitation with the children, and the visits were going well. The court also noted Katesha had obtained a residence, maintained employment, and had five negative urinalysis tests. However, the court again concluded custody of the children should remain with the Department.
In a subsequent CINA review/modification/permanency order filed March 7, 2006, the court found Katesha had a positive drug test in December followed by four negative drug tests. At the time the order was entered, the Department was still recommending reunification of the children with their mother with the children transitioning home.
The State filed a petition to terminate Katesha's and the fathers' parental rights on May 30, 2006. The statutory grounds relied on by the State at the termination hearing included Iowa Code sections 232.116(1)(h) (2005) (child is three or younger, child CINA, removed from home for six of last twelve months, and child cannot be returned home), 232.116(1)(f) (child is four or younger, child CINA, removed from home for twelve of last eighteen months and cannot be returned home), and 232.116(1)(1) (child CINA, parent has substance abuse problem, and child cannot be returned within a reasonable time).
The State's petition to terminate was originally set for hearing on July 21, 2006. However, the first hearing date was continued. The juvenile court heard evidence regarding the petition on October 18, October 25, and December 4, 2006. In an order filed January 5, 2007, the court terminated the parental rights of both fathers, but dismissed the State's petition as to the mother. The court concluded the State failed to prove by clear and convincing evidence the children could not be safely placed in the care, custody, and control of their mother.
The children's guardian ad litem has appealed. She contends the court should have terminated the mother's parental rights. The State has joined in the guardian ad litem's petition on appeal. Neither father has appealed.
II. Scope and Standards of Review
We review termination proceedings de novo. In re S.N.,500 N.W.2d 32, 34 (Iowa 1993). Courts should only terminate parental rights upon proof of the statutory grounds by clear and convincing evidence. In re T.B., 604 N.W.2d 660, 661
(Iowa 2000). Our primary concern is the best interests of the children. In re C.B., 611 N.W.2d 489, 492 (Iowa 2000).
III. Discussion
The children's guardian ad litem contends Katesha has not made sufficient progress toward reunification. She notes Jonathan and Jordan have been out of their mother's care for a significant period of time, and she argues "[i]t is not foreseeable that these boys will be returned to [their mother's] care any time soon." She argues the mother's progress in dealing with her substance abuse problem has been too little too late. The guardian ad litem's arguments are not without appeal; however, upon our de novo review of the record, we conclude the juvenile court's decision should be affirmed.
By the time the termination hearing was concluded on December 4, 2006, the following events had occurred: On July 31, 2006, Katesha entered the Stephen Center for Recovery, a drug rehabilitation program. A letter from the Center dated October 16, 2006, stated all of Katesha's drug tests at the Center had been negative. The letter also stated, "[s]he has been compliant with program expectations and has emerged as a leader among her peers." In addition, the Center concluded Katesha had successfully completed its initial three phases of treatment and was currently seeking to fulfill her aftercare needs. Katesha graduated from the drug rehabilitation program on October 25, 2006.
An October 24, 2006 letter from House of Mercy, a halfway house for mothers and children, indicated Katesha would be entering the program on October 27, 2006. At that time, Katesha was pregnant with her third child, Jayden. When Katesha gave birth to her youngest child on November 20, 2006, her newborn tested negative for all controlled substances. By the last day of the termination hearing, Katesha and her baby were in placement at the House of Mercy, and the court concluded Jonathan and Jordan would be allowed to move in with their mother if they were returned to her care. The juvenile court noted Katesha's caseworker testified she has seen Katesha's parenting skills improve. There is no dispute Katesha has a strong bond with her children.
Based primarily on the evidence we have just described, the juvenile court concluded the State failed to prove by clear and convincing evidence that the children could not be safely returned to their mother's care. Although this is a close case, we do not believe the juvenile court erred in reaching this conclusion.
IV. Conclusion
We affirm the juvenile court's decision to dismiss the State's petition to terminate Katesha's parental rights to Jonathan and Jordan.
AFFIRMED.
[1] Katesha also has an infant, Jayden, who was born November 2006. Katesha's parental rights to Jayden are not at issue in this appeal.
[2] There is no dispute Katesha's sister was not an appropriate caretaker for Jonathan.