**IN THE COURT OF APPEALS OF IOWA**

No. 14-0373
Filed April 30, 2014

**IN THE INTEREST OF K.B.,**
**Minor Child,**

**B.M., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Mahaska County, Randy S. DeGeest, District Associate Judge.

A father appeals from the termination of his parental rights. **AFFIRMED.**

Michael S. Fisher of Fisher Law Office, Oskaloosa, for appellant father.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Rose Anne Mefford, County Attorney, and Amy E. Zenor, Assistant County Attorney, for appellee State.

Terri Menninga, Pella, attorney and guardian ad litem for minor child.

Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, J.**

A father appeals from the termination of his parental rights. He argues clear and convincing evidence does not support termination of his rights, the department of human services (DHS) did not provide him with adequate services, he should be allowed more time towards reunification with the child, and termination is not in the best interests of the child. We affirm finding clear and convincing evidence supports termination, the father waived the reasonable efforts argument, more time is not warranted, and termination is in the best interests of the child.

## I. Facts and proceedings.

K.B. came to the attention of DHS in January 2013, after a report that K.B.'s mother was using illegal substances. The mother tested positive and K.B. was adjudicated a child in need of assistance (CINA) February 15, 2013. K.B. was removed from the mother's home March 6, 2013, but was returned to her care for a short period after a dispositional hearing April 5, 2013. The mother continued to use drugs despite treatment efforts throughout the proceedings. After a September 13, 2013 dispositional review hearing, K.B. was placed in the care of his maternal grandparents who reside in Colorado. The father's attorney was present at all of these hearings. The court ordered the father to participate in family reunification services; the father requested no other services and raised no issue with the offered services at the hearings.

The father has spent the majority of his adult life incarcerated for a variety of offenses. He was incarcerated throughout the CINA and termination proceedings. In September 2013, the father was paroled to a residential facility.

Two months later, he was arrested again for leaving and failing to return to the facility.[1]  September 16, the father had his only visit with K.B. during the pendency of these proceedings.  K.B. saw the father twice in the past two years.  K.B. is three years old.  The father anticipates he will be discharged on May 1, 2014.

Both the mother and father's parental rights to K.B. were terminated on February 24, 2014.  The court found grounds to terminate the father's rights under Iowa Code sections 232.116(1)(e) and (h) (2013).  The father appeals.

## II.  Analysis.

We review this appeal de novo.  *In re P.L.*, 778 N.W.2d 33, 34 (Iowa 2010).

The father first argues clear and convincing evidence does not support termination of his parental rights under Iowa Code section 232.116(1)(e).  "When the juvenile court terminates parental rights on more than one statutory ground, we need only find grounds to terminate under one of the sections cited by the juvenile court to affirm."  *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).  The father's rights were also terminated under Iowa Code section 232.116(1)(h), which reads that grounds for termination exist when:

> The court finds that all of the following have occurred:
> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

---

[1] The father testified he was offered parenting services at the residential facility but that he "ran away and couldn't stick with it."

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The father is incarcerated; K.B. cannot be returned to his care. The other three grounds are also clearly established in the record. Clear and convincing evidence supports the termination of the father's parental rights.

The father next argues the district court should have allowed him more time before terminating his rights to "prove his parenting abilities and show that he possessed adequate parenting skills to care for his child." It does not appear he asked the court to grant him additional time. The father has only seen his child twice in the past two years. His behavior in committing crimes has repeatedly shown his disregard for his responsibility to K.B. "The future can be gleaned from evidence of the parents' past performance and motivations." *In re T.B.*, 604 N.W.2d 660, 662 (Iowa 2000). The district court did not err in declining to grant the father additional time.

Next, the father argues he was not provided with sufficient services by DHS. "While the State has the obligation to provide reasonable reunification services, the [parent has] the obligation to demand other, different or additional services prior to the termination hearing." *In re S.R.*, 600 N.W.2d 63, 65 (Iowa Ct. App. 1999). Nothing in the record shows the father requested other, different, or additional services. Therefore, "the issue of whether services were adequate has not been preserved for appellate review." *Id.*

Finally, the father argues termination of his parental rights was not in the best interests of the child. We apply the analysis set forth in our statute to determine whether termination is in the child's best interests. *In re D.L.*, 791

N.W.2d 703, 708 (Iowa 2010) (applying Iowa Code section 232.116(2) to determine best interests of the child). We look to "the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116. The father has been in and out of jail for the majority of his adult life, he has had very limited contact with the child, and the child is currently safely in the care of his maternal grandparents. Termination is in K.B.'s best interests.

**AFFIRMED.**