# IN THE COURT OF APPEALS OF IOWA

No. 15-0284
Filed July 9, 2015

**IN THE INTEREST OF B.R.,**
**Minor Child,**

**K.R., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Linn County, Barbara H. Liesveld, District Associate Judge.

A mother appeals from the order terminating her parental rights. **AFFIRMED.**

Robert W. Davison, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Jerry Vander Sanden, County Attorney, and Kelly J. Kaufman, Assistant County Attorney, for appellee State.

John Jacobsen of Jacobsen, Johnson & Wiezorek, Cedar Rapids, for minor child.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DANILSON, C.J.**

B.R. was born in November 2012 and was removed from his mother's custody in March 2014 due to the mother's ongoing mental health issues, which are complicated by her substance abuse. The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(h) (2013) (allowing termination where child three years of age or younger who has been adjudicated a child in need of assistance and removed from parent's custody for previous six, consecutive months cannot be returned at present). On appeal, the mother contends the court should have granted her additional time to seek reunification.[1] She also claims termination of her parental rights is not in the child's best interests.

"We review proceedings terminating parental rights de novo." *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

Termination of parental rights under chapter 232 follows a three-step analysis. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). First, the court must determine if a ground for termination under section 232.116(1) has been established. *See id.* Second, if a ground for termination is established, the court must apply the framework set out in section 232.116(2) to decide if proceeding with termination is in the best interests of the child. *See id.* Third, if the statutory best-interests framework supports termination of parental rights, the court must consider if any statutory exceptions set forth in section 232.116(3) should serve to preclude the termination of parental rights. *See id.*

---

[1] The mother was previously involved in juvenile court proceedings involving her older two children. Her rights to those children are not at issue in this appeal.

The father's parental rights were also terminated, but he does not appeal.

Because the mother does not challenge the existence of statutory grounds to terminate her parental rights, we need not address the first step. *See id.* at 40. The mother contends, however, that the juvenile court should have granted her additional time because she had made recent progress addressing her mental health needs. This claim is not persuasive, particularly in light of the mother's previous involvement with services to address these same issues in relation to her older children. *See In re T.B.*, 604 N.W.2d 660, 662 (Iowa 2000) ("The future can be gleaned from evidence of the parents' past performance and motivations."). We adopt the juvenile court's findings is this regard:

> [The mother] has already been given additional time and did not comply with case plan expectations [f]or meeting her mental health needs. Even assuming that [the mother] has now seen the light, given her history over the past few years, the services provided to her, and her responses to the case plans provided, the court cannot find that additional time would result in [the child] being able to safely return home now or in the near future. *See In re S.J.*, 620 N.W.2d 522, 526 (Iowa Ct. App. 2000). [The mother]'s mental health remains unstable and unaddressed, except for short periods of time. She has been hospitalized three times in the past year for her mental health. Following each hospitalization, she was given next appointments to ensure ongoing treatment and that there would be no lapse in her medications and, yet, that is what happened. There are also behavioral indicators that her mental health continues to limit her ability to provide a safe and stable home for [the child]. There continue to be reports of drinking. She exhibits mood swings. She admits her anxiety level is so high that she cannot maintain employment. Her visits continue to be chaotic to the point where providers are not able to address parenting concerns with [the mother]. When she focuses on yelling and arguing with [her daughter, K.] she neglects to sufficiently supervise [the child], and, therefore, her visits continue to be fully supervised. She says she is now back on track and doing well, but any progress she may be making by taking her medication as prescribed, not letting them run out, and attending individual counseling is unsubstantiated because she has refused to sign releases or provide documentation on both of these issues. Additionally, she has an established pattern of meeting her mental

health needs for short periods but not being able to follow through long term.

The mother maintains termination is not in the child's best interests because B.R. has a bond with her, as well as with his seventeen-year-old brother (who is living with his girlfriend and her family and the two are expecting a child) and thirteen-year-old sister (who is in the same foster family home). Iowa Code section 232.116(3)(c) allows the court not to terminate the relationship between parent and child if "there is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." The mother makes only a passing reference to her relationship with the child. We agree with the trial court's ruling, "Based upon a review of the evidence the court finds that severing the parent/child relationship so that [B.R.] may have a stable and loving forever home outweighs any bond between [him] and his mother. Therefore, there are no exceptions to prevent termination in this instant case."

While we recognize the importance of the sibling relationship, *see In re L.B.T.*, 318 N.W.2d 200, 202 (Iowa 1982) (stating siblings should be kept together whenever possible), the overriding concern is the child's best interests. Iowa Code § 232.116(2). Here, B.R.'s siblings presently do not reside in the family home. Giving primary consideration to B.R.'s safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child, *see id.*, we find that termination of parental rights is in this child's best interest.

**AFFIRMED.**