**IN THE COURT OF APPEALS OF IOWA**

No. 16-1089
Filed September 14, 2016

**IN THE INTEREST OF K.K.,**
**Minor child,**

**N.K., Father,**
    Appellant.

_____

    Appeal from the Iowa District Court for Hamilton County, Paul B. Ahlers,

District Associate Judge.


    The father appeals the termination of his parental rights to his child.

**AFFIRMED.**


    Justin J. Kroona of Kroona Law Office, Webster City, for appellant father.

    Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant

Attorney General, for appellee State.

    Justin T. Deppe of Deppe Law Office, Jewell, guardian ad litem for minor

child.


    Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

A father appeals the termination of his parental rights to his child, born in 2010.[1] He argues the juvenile court abused its discretion in denying a continuance that would allow him to sit in on the termination hearing by telephone and the juvenile court should have granted his request for a six-month extension for reunification. We affirm.

**I. Background Facts and Proceedings**

The family came to the attention of the Iowa Department of Human Services (DHS) in April 2014 when police officers entered the home and found drug paraphernalia and needles that were accessible to the child. Both the mother and father admitted to using methamphetamine. The child was placed in foster care. Following the parents' substance-abuse treatments, the child was returned to the mother and father in September 2014, and the case was closed in January 2015.

Then in March 2015, a child protective assessment was initiated after the father tested positive for methamphetamine. At this time, the child was placed with his paternal grandparents. A child-in-need-of-assistance (CINA) application was filed on March 25, 2015, and the child was adjudicated on May 20, 2015. After residing with the child's paternal grandparents for a period, a change in circumstances required the child be relocated for care by a foster family.

Between May and November 2015, the father attempted to complete drug treatment programs but was unsuccessful, and as recently as April 13, 2016, he admitted to using methamphetamine and marijuana. The father did not

---

[1] The mother's parental rights were also terminated. She is not a party to this appeal.

consistently visit with the child while the child was in the custody of the paternal grandparents or foster parents.

The father was arrested on November 2, 2015, for warrants issued for probation violations. At the time of arrest, the father was in possession of methamphetamine. The father remained in custody at a residential correctional facility from that day until May 2016. Having admitted to drug use while on his first overnight furlough, the father was sentenced to prison for two years on May 16, 2016.

On June 6, 2016, the court held the termination hearing. The father was not physically present at the hearing as he was already incarcerated. His attorney reported to the court the father's desire to participate telephonically in the hearing. The father's attorney indicated that he had attempted to make arrangements for the father to appear by telephone but had been unsuccessful due to his untimely request to the corrections facility. The father's attorney explained the untimeliness by telling the court about his inability to locate the father after the father was sentenced and transferred to an unknown prison. The father's attorney indicated that his client would have no evidence to present to challenge the termination but wished to participate by telephone. Counsel requested a continuance but did not raise any due process objection, nor did he indicate the father wished to testify or otherwise participate substantively in the hearing. When asked by the court if his client had testimony he wished to present that would have any bearing on the issue of termination, the father's attorney replied:

> Yeah, he was not willing to consent. I think he understood that he—you know, being in prison kind of means he doesn't have much of a case to argue, but he wanted to be able to listen in. I'm not aware of anything he told me that would be testimony that would have contributed that would establish a defense . . . .

Nor did counsel propose an alternative means of testifying or participating.

In its resistance to the continuance, the State noted the father was served with notice of termination on May 2, 2016, and the termination hearing date was set on May 11, 2016. The State urged that the father and his attorney had sufficient time to make arrangements for the father to appear by telephone.

Agreeing with the State, the court denied the motion stating a continuance was not justified by the father's and his attorney's lack of preparedness in scheduling the teleconference, the motion for continuance itself was untimely since the father's attorney did not make the motion until after all parties had convened at the hearing, and finally, the father had no evidence to present and no substantial argument to make in resistance to the termination of his parental rights.

On June 6, 2016, the juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(f) (2015).

The father appeals.

**II. Standard of Review**

We review the juvenile court's decision to terminate parental rights de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). In doing so, we apply the three-step analysis:

> The first step is to determine whether any ground for termination under section 232.116(1) has been established. If we find that a ground for termination has been established, then we determine

whether the best-interest framework as laid out in section 232.116(2) supports the termination of parental rights. Finally, if we do find that the statutory best-interest framework supports the termination of parental rights, we consider whether any exceptions in section 232.116(3) apply to preclude termination of parental rights.

*Id.* at 219–20 (citations omitted).

We review the court's denial of the motion for a continuance for abuse of discretion. *See In re R.B.*, 832 N.W.2d 375, 378 (Iowa Ct. App. 2013) (citations omitted).

## III. Discussion

### A. Continuance

The father maintains the juvenile court abused its discretion by not granting a continuance to permit the father to participate in the hearing by telephone. Because the father was incarcerated at the time of the hearing, he could not be physically present. However, he contends that he was entitled to telephonic presence and that if the court had allowed him additional time, the father's attorney could have made a timely request to the corrections facility and made appropriate arrangements. He further asserts neither the State nor the child would have been prejudiced by the court's granting of the continuance, as not much time was needed to accomplish the telephone request.

The father did not raise the issue as a due process claim. Even if the father had framed his argument as a denial of due process, he would not be successful. Due process does not require the physical attendance of an incarcerated parent in parental-rights-termination cases. *See In re J.S.*, 470 N.W.2d 48, 52 (Iowa Ct. App. 1991). "Where a parent receives notice of the

petition and hearing, is represented by counsel, counsel is present at the termination hearing, and the parent has an opportunity to present testimony by deposition, we cannot say the parent has been deprived of fundamental fairness." *Id.* However, as we have said in the past, it is preferable for a parent to be present—either in person, telephonically, or through video conferencing—whenever practically feasible. *See In re N.H.*, No. 15-0691, 2015 WL 5577069, at *3 n.2 (Iowa Ct. App. Sept. 23, 2015).

In discussing the due process requirements in our prior cases, we have set forth minimum requirements only. "We see ample reasons why an incarcerated parent should be permitted to" participate in termination proceedings. *In re K.M.*, 16-0795, 2016 WL 4379375, at *4 (Iowa Ct. App. Aug. 17, 2016). "If a witness is providing untruthful or biased testimony about an interaction with the parent, it is the parent who is in the best position to recognize it." *Id.* Allowing an incarcerated parent to participate in the proceeding as evidence is presented provides that parent with a meaningful opportunity to assist their counsel in defending their case. *See id.*

While the father's attorney moved for a continuance so the father could appear by telephone at a future date, he did not raise the due process issue in the juvenile court, and we do not decide whether the denial of continuance implicated the due process clause. *See In re A.M.*, 856 N.W.2d 365, 371 n.5 (Iowa 2014) (declining to discuss a constitutional issue first raised on appeal from a termination of parental rights). We find the court's denial of a continuance within the bounds of its discretion on this record.

**B. Request for Six-Month Extension for Reunification**

The father also maintains the court erred in determining an additional six months to work toward reunification was not warranted. The father does not argue the statutory grounds have not been met;[2] rather, he argues he should be allowed additional time to show he is capable of parenting his child. In support, the father claims there was clear and convincing evidence that the need for removal of his child from his home would no longer exist at the end of the additional six-month period, as the father's date of release from incarceration would occur prior to the expiration of the additional six months and that prior to the current incarceration, the father had provided financial stability and a safe home for his family. However, the father's attorney did not present any evidence at the termination hearing or in this appeal.

On our review, we do not find clear and convincing evidence to support the father's assertions. A date certain for the father's release from incarceration is not clear, and we have no evidence before us to show the father is working on his sobriety by participating in any programs while he is incarcerated. Additionally, we do not know what his employment status will be or if he will have an appropriate home upon release from incarceration. We are not convinced that an extension of six months was warranted under the circumstances.

---

[2] At the termination hearing, the court asked the father's attorney if the elements under section 232.116(1)(f) had been met, to which the father's attorney replied entirely in the affirmative. Additionally, the court asked the father's attorney if his client would be challenging the termination under the best-interest-of-the-child standard or the permissive factors weighing against termination in section 232.116(3). The father's attorney said yes as to the best-interest standard only, but when asked if he had any evidence for the father, he replied in the negative.

Additionally, the father's prior attempts at sobriety have been unsuccessful, and "[t]he future can be gleaned from evidence of the parents' past performance and motivations." *In re T.B.*, 604 N.W.2d 660, 662 (Iowa 2000). We hold the juvenile court did not err in declining to grant the father additional time.

Based on the foregoing, we affirm.

**AFFIRMED.**