# IN THE COURT OF APPEALS OF IOWA

No. 17-1299
Filed October 25, 2017

**IN THE INTEREST OF**
**I.G., D.G., and T.G., Minor Children,**

**K.G., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Bremer County, Karen Kaufman Salic, District Associate Judge.

A mother appeals the juvenile court decision terminating her parental rights. **AFFIRMED.**

Elizabeth A. Batey of Vickers Law Office, Greene, for appellant.

Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney General, for appellee State.

Cynthia S. Schuknecht of Noah, Smith, Schuknecht & Sloter, P.L.C., Charles City, guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

A mother appeals the juvenile court decision terminating her parental rights. We find there is sufficient evidence in the record to support termination of the mother's parental rights and termination is in the children's best interests. We affirm the decision of the juvenile court.

## I.     Background Facts & Proceedings

K.G. is the mother of three children, I.G., D.G., and T.G., born in 2012, 2013, and 2016.[1] The family came to the attention of the Iowa Department of Human Services after an incident of domestic abuse by the father. The children were removed from the parents' care on May 31, 2016, when the mother was arrested and she left the children in the care of friends who were using drugs. Testing showed the mother had also used methamphetamine. The children were placed in foster care.

The children were adjudicated to be in need of assistance under Iowa Code section 232.2(6)(2)(c) (2016). The mother was inconsistent in attending services and was unsuccessfully discharged from treatment for substance abuse. She obtained housing and employment, completed a new substance abuse evaluation, and scheduled an appointment for a mental health evaluation. After a permanency hearing on November 15, 2016, the juvenile court determined she should have additional time to work on reunification with the children. Shortly thereafter, the mother tested positive for methamphetamine.

---

[1] The father did not participate in services and does not appeal the termination of his parental rights.

The mother was diagnosed with major depressive disorder. She remained inconsistent in her participation in services and did not follow through with treatment for substance abuse. A social worker noted, "she only seems to be engaged when there is a court date set to discuss permanency."

On March 31, 2017, the State filed a petition seeking to terminate the parents' rights. After the petition was filed, the mother made progress in substance abuse treatment, moved to a new home, obtained employment, and stated she ended her relationship with a recent paramour. She continued to be inconsistent in attending individual therapy sessions. The foster mother reported the children had strong adverse behaviors after visits with the mother.

The juvenile court terminated the mother's parental rights pursuant to section 232.116(1)(f) (I.G.), (g), and (h) (D.G. and T.G.) (2017). The court found:

> Mother did not attend substance abuse treatment regularly, and ultimately was discharged unsuccessfully on June 21, 2017. She did not attend mental health treatment. The children do have a connection with Mother, but hers to them wavers. . . . .
> . . . .
> While Mother has gained much more stability, it comes very late, and as has been observed throughout the life of the case, only when a court date is looming. Since the termination petition was filed, Mother has done better, but she has still not been consistent with her participation in services and has not yet begun to address her own trauma history to avoid falling into old patterns.

The court concluded termination of the mother's parental rights was in the children's best interest. The mother now appeals the juvenile court decision.

## II.     Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to

establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the children. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

### III. Sufficiency of the Evidence

The mother claims there is not sufficient evidence in the record to support the juvenile court's decision terminating her parental rights. Where the juvenile court has terminated a parent's rights on multiple grounds, "we need only find termination appropriate under one of these sections to affirm." *In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014).

We find there is clear and convincing evidence in the record to terminate the mother's parental rights under section 232.116(1)(f) for I.G., who was born in 2012, and 232.116(1)(h) for D.G. and T.G., who were born in 2013 and 2016. For these subsections, the mother contests only the requirement to show the children cannot be safely returned to the custody of their parents at the present time. *See* Iowa Code § 232.116(1)(f)(4), (h)(4). We agree with the juvenile court's conclusion returning the children to the mother would subject them to adjudicatory harm due to a failure to exercise a reasonable degree of care in supervision and the mother's substance abuse and mental health problems. Although the mother had made recent progress shortly before the termination

hearing, she had not fully addressed concerns about substance abuse or engaged in services for her mental health.

Furthermore, in the past, the mother would make progress shortly before a hearing, then regress until shortly before the next hearing. "The future can be gleaned from evidence of the parents' past performance and motivations." *In re T.B.*, 604 N.W.2d 660, 662 (Iowa 2000). The mother's past performance raises serious doubts about her ability to continue to make progress to the point the children could be returned to her care. We conclude there is sufficient evidence in the record to support termination of the mother's parental rights.

## IV. Best Interests

The mother claims termination of her parental rights was not in the best interests of the children. In determining children's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2); *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

The juvenile court found termination of the mother's parental rights was in the children's best interests, noting, "Mother's contact has been inconsistent at times (missing for three weeks at a time earlier in the case) and increased contact with her escalates the behaviors of the children." The court also stated, "Mother has made great strides in some respects, but has not demonstrated the ability to meet the children's [needs] on a constant basis." We agree with the

court's statements and determine it is in the children's best interests to terminate the mother's parental rights.

**AFFIRMED.**