# IN THE COURT OF APPEALS OF IOWA

No. 22-1346
Filed November 2, 2022


**IN THE INTEREST OF R.B.,**
**Minor Child,**

**K.L., Mother,**
Appellant.
_____


Appeal from the Iowa District Court for Jones County, Joan M. Black, District Associate Judge.


The mother appeals the juvenile court ruling waiving the reasonable-efforts requirement under Iowa Code section 232.102(12)(c) (2022). **AFFIRMED.**


Robin L. Himes, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

David G. Baumgartner, Strawberry Point, attorney and guardian ad litem for minor child.


Considered by Bower, C.J., and Greer and Badding, JJ.

**GREER, Judge.**

The mother appeals the juvenile court ruling granting the State's request to waive reasonable efforts to reunify the mother with R.B. under Iowa Code section 232.102(12)(c) (2022).[1]

## I. Background Facts and Proceedings.

In April 2022, the mother traveled from Iowa to Utah because she was contemplating giving up her unborn child for adoption. The mother changed her mind and, while in the process of returning to Iowa, went into labor at an airport in Colorado. R.B. tested positive for methamphetamine at birth, and the child was removed from the mother's care before being discharged from the hospital. A worker from the Iowa Department of Health and Human Services[2] traveled to Colorado to take custody of the child; both R.B. and the mother returned to Iowa on April 19, 2022.

Because the mother had left Iowa while on pretrial release for pending criminal charges, she was arrested when she returned to the state; she remained in jail until May 9, 2022.

---

[1] The State filed its application on May 12, 2022, and the district court heard it on June 30; we apply the 2022 Iowa Code. But we recognize this specific law changed as of July 1, 2022. *See* 2022 Iowa Acts ch. 1098 §§ 47 (striking Iowa Code § 232.102(12)), 49 (creating Iowa Code § 232.102A (Supp. 2022)); *see also* Iowa Const. art. III, § 26 ("An act of the general assembly passed at a regular session of a general assembly shall take effect on July 1 following its passage unless a different effective date is stated in an act of the general assembly."); Iowa Code § 4.5 ("A statute is presumed to be prospective in its operation unless expressly made retrospective.").

[2] In 2022, the Iowa legislature merged the department of human services with the department of public health into the Iowa Department of Health and Human Services, with the transition starting July 1, 2022. *See* 2022 Iowa Acts ch. 1131 § 51. We will refer to the department as DHHS.

The mother was out of custody from May 9 until June 18. During those nearly six weeks, the mother attended one visit with R.B.; she missed the first forty minutes of the ninety-minute visit. She did not begin drug or mental-health treatment or participate in any drug tests. According to the mother's testimony, she used methamphetamine until she went back into jail.

In May, the State filed an application to waive reasonable efforts under section 232.102(12)(c), which provides:

> If the court determines by clear and convincing evidence that aggravated circumstances exist, with written findings of fact based upon evidence in the record, the court may waive the requirement for making reasonable efforts. The existence of aggravated circumstances is indicated by any of the following:
> . . . .
> c. The parent's parental rights have been terminated under section 232.116 or involuntarily terminated by an order of a court of competent jurisdiction in another state with respect to another child who is a member of the same family, and there is clear and convincing evidence to show that the offer or receipt of services would not be likely within a reasonable period of time to correct the conditions which led to the child's removal.

The juvenile court considered the application in conjunction with the dispositional hearing on June 30.

At the onset of the hearing, the court took judicial notice of several other court files, including those establishing the mother's rights had previously been terminated to four other children in two separate proceedings.[3] The mother's drug use and criminal issues were common themes in the prior termination proceedings. The juvenile court also took judicial notice of criminal file FECR008464, which

---

[3] The mother's rights were terminated to A.L. and A.L. (both born in April 2017) and A.L. (born in September 2018) in a September 2019 termination order. Her rights were also terminated to J.L. (born in March 2021) in October 2021—about six months before the mother gave birth to R.B.

showed the mother had been charged with and pled guilty to gathering where controlled substances are used, a class "D" felony. The mother was still in jail pending sentencing, which was scheduled to take place July 25—at which point R.B. would have been out of the mother's care for more than three months. The mother's guilty plea left the issue of sentencing to the district court's discretion, and the court could send her to prison for five years, order her to a supervised-probation setting, or give her probation and release her. The mother admitted that she attended only one visit with R.B. during the approximately six weeks she was out of jail since DHHS became involved with R.B. She testified she missed some visits due to transportation issues and being unable to find the special formula R.B. needs but also admitted she missed some because she was using methamphetamine and did not want to be around her child while high. The mother resisted the State's motion to waive reasonable efforts, testifying that once she was released from jail, she would have more than thirty days sober and would participate in drug testing, mental-health treatment, substance-abuse treatment, and any services DHHS requested of her.

The juvenile court granted the State's application to waive reasonable efforts, finding:

> [The mother] has four older children. None of them are in her care. The issues that caused [her] to lose care of her older children are the same issues that brought [R.B.] to the attention of [DHHS]. [The mother] . . . ha[s] a long history of involvement with [DHHS] and ha[s] demonstrated little if any ability or willingness to change. [The mother] has not demonstrated an ability to remain drug free, or to stay out of jail. It is simply unrealistic to believe that the grant of additional time will result in a different outcome.

The mother appeals.

**II. Standard of Review.**

We perform a de novo review of dispositional orders in child-in-need-of-assistance (CINA) cases, including an order waiving reasonable efforts. *See In re G.D.*, No. 17-0874, 2017 WL 4050969, at *2 (Iowa Ct. App. Sept. 13, 2017).

**III. Discussion.**

DHHS generally has a duty to "make every reasonable effort" to return children to their parents "as quickly as possible" consistent with the children's best interests. Iowa Code § 232.102(7); *see also In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000) ("[T]he scope of the efforts by the DHS to reunify parent and child after removal impacts the burden of proving those elements of termination which require reunification efforts."). But this mandate is not absolute. The juvenile court may waive the requirement if it finds by clear and convincing evidence that aggravated circumstances exist. *See* Iowa Code § 232.102(12); *see also C.B.*, 611 N.W.2d at 493 ("[T]he reasonable efforts requirement has undergone some transformation. This is because the family preservation concept which guided our general national policy for the last two decades was found to be detrimental to children in some cases. Consequently, the Adoption and Safe Families Act of 1997, Public Law 105–89, 111 Statutes 2115 (codified as amended in scattered sections of 42 U.S.C.), now broadens the focus of reunification to place greater emphasis on the health and safety of the child, and mandates a permanent home for a child as early as possible." (internal citations omitted)).

Here, the juvenile court waived the reasonable-efforts requirement, finding aggravated circumstances existed under section 232.102(12)(c).[4] Section 232.102(12)(c) has two elements: (1) the parent's rights have previously been terminated with respect to another child who is a member of the same family and (2) "there is clear and convincing evidence to show that the offer or receipt of services would not be likely within a reasonable period of time to correct the conditions which led to the child's removal." The mother does not contest the first element is met. She challenges the second, generally claiming that she planned to engage in services after her possible July release from jail and she "would be successful" this time.

Using the past as the best predictor, we agree with the juvenile court's finding of aggravated circumstances. *See In re T.B.*, 604 N.W.2d 660, 662 (Iowa 2000) ("The future can be gleaned from evidence of the parents' past performance and motivations."). The mother lost her parental rights to four other children largely due to her issues with methamphetamine. After losing her rights to J.L. in October 2021 (at which time she was already pregnant with R.B.), the mother continued using methamphetamine. The mother had about six weeks out of jail during the pendency of this case; during those six weeks, she did not engage with substance-abuse or mental-health treatment and she attended only half of one visit with R.B.

---

[4] We presume the juvenile court relied upon this statute, but the order is silent on the section applied and neither party cited proper authority in this case. The prosecutor applied for waiver of reasonable efforts citing section 232.101(12) and the mother's petition on appeal references section 232.57 (which is about waiving reasonable efforts in delinquency proceedings—not CINA proceedings). Likewise, the mother failed to cite to any caselaw in her appellate filing that discussed the proper code section.

Most of the other visits offered to the mother were never confirmed by her and so they had to be cancelled. And the mother admitted she used methamphetamine during this period. Even if the mother was released at sentencing in late July—the earliest date she anticipated possibly leaving custody—R.B. would be out of her care for more than three months at that time. In other words, less than three months would remain before the mother's rights could be terminated to R.B. under section 232.116(1)(h). *See* Iowa Code § 232.116(1)(h) (allowing the court to terminate parental rights to a child three or younger if the child has been removed from the parent's care at least six months and cannot return home). Even if DHHS provided the mother services, based on her track record, those efforts would not correct the long-standing failure to cooperate with visits and services offered and the lack of follow through exhibited by the mother towards addressing her substance abuse problem. *See In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998) ("[I]n considering the impact of a drug addiction, we must consider the treatment history of the parent to gauge the likelihood the parent will be in a position to parent the child in the foreseeable future."); *see also In re Q.A.S.*, No. 13-1182, 2013 WL 5229746, at *3–4 (Iowa Ct. App. Sept. 18, 2013) (affirming juvenile court's waiver of reasonable efforts when "the parent[] shows a continuing pattern of [being] unamenab[le] to services, lack of follow through in the important areas of drug treatment and mental health treatment, and a continuing dysfunctional relationship that prevents them from focusing on their child").

Because we find clear and convincing evidence of aggravated circumstances based upon the mother's history and her demonstrated lack of

commitment to her parental role, we affirm the juvenile court's waiver of the reasonable-efforts requirement.

**AFFIRMED.**